CONRAD ERD v. THE BAVARIAN NATIONAL AID & RELIEF ASSOCIATION OF THE CITY OF DETROIT.

67   233|
d144  424|

*Benevolent societies—Suspension of member—Mandamus.*

1. Before a member of an incorporated benevolent society can be fined, there must be a by-law adopted by the association defining the offense and imposing the penalty; nor can he be suspended for non-payment of a fine illegally imposed.

2. A person who is a member of a corporation, unless he has waived or forfeited the right, is always entitled to a copy of charges preferred against him, and to be present at the taking of the testimony against him, or an opportunity afforded him so to do, and to produce testimony in his own behalf.[1]

Mandamus. Submitted July 7, 1887. Granted October 13, 1887.

[1] See *Burt v. Grand Lodge of F. & A. M.*, 66 Mich. 85.

Application for *mandamus* to restore relator to membership in a benevolent society. The facts are stated in the opinion.

*Harry F. Chipman* and *William Look*, for relator.

*Adam E. Bloom*, for respondent.

CHAMPLIN, J. Relator asks for a *mandamus* to restore him to membership in a society known as the " Bavarian National Aid and Relief Association of the City of Detroit," which is a corporation organized under the laws of the State of Michigan, entitled "An act to provide for the incorporation of benevolent societies."

The constitution under which the association was organized contains, among other provisions, the following:

" Art. 3, § 6. Should a candidate or member turn out to be a bad character, or give false statements, every member will be in duty bound to immediately notify the society thereof, and such member shall be excluded."

" Art. 4, § 14. Every member is in duty bound to obey every order given him by the society, and to comply with all the duties imposed on him of the constitution and by-laws."

There is no provision in the constitution, nor is there any by-law, providing for the infliction of a pecuniary fine or penalty for the infraction of the constitution or by-laws.

The return of respondent admits the incorporation as alleged in the petition, and that the relator was a member in good standing up to the meeting held on the twentieth day of May, 1886; that on May 6, 1886, at a meeting of the association at which relator was present, one Joseph Vattner, also a member in good standing, verbally complained and charged said relator, in the presence of the members of the society, with conduct unbecoming a member, viz. :

"In stating to Mrs. Unzieker publicly, upon the street, and to other persons, that respondent would not pay her son, and never intended to pay him, any benefits, and that said respondent never paid any benefits unless compelled so to do ;

and advising said Mrs. Unzieker to bring suit against said respondent at once, and that he, said relator, being trustee, would aid her."

The return then sets forth that said statement so made by relator was false, malicious, and wicked; that when these charges were preferred he was present at the meeting of the association, and took active part in the discussion that followed immediately the presentation of the charges; that a committee was appointed to investigate the truth or falsity of the charges, and that at a meeting held on the twentieth of May, 1886, the committee, in open meeting, and in the presence of relator, reported, finding the relator guilty of conduct unbecoming a member of said association, and that said charges were sustained, proved, and found to be true; that motion was then made, relator being present, supported, and carried, that said relator be fined five dollars, and that, in default of payment of said fine before the first meeting in July next following, he stand suspended as a member of said association, and forfeit all rights and benefits attending the same; that relator was present, and addressed the members several times in opposition to the motion relating to the fine imposed upon him. Relator did not pay the fine, but refused so to do, and at the meeting held in July he was declared suspended as a member of said association by the president.

They admit that said proceedings were had under section 6 of the constitution, which they claim, correctly translated into English from the German, reads as follows:

"In case that any applicant or a member shows a bad character, or makes false accusations, and the like, every member is obliged to notify the society at once, and such a one can be dismissed from the society at any time."

It is evident from the foregoing statement that the action of the respondent in dismissing or suspending relator cannot be sustained. Before he can be fined, there must be a by-law adopted by the association defining the offense and imposing

the penalty.   The fine, being without authority, was illegally imposed, and he could not be suspended for not paying it.

Whether the offense with which he was charged comes within the meaning of section 6, authorizing a suspension, we need not determine.   A person who is a member of a corporation, unless he has waived or forfeited the right, always is entitled to a copy of the charges preferred against him, and to be present at the taking of testimony against him, or an opportunity afforded him so to do, and to produce testimony in his own behalf.

Upon the return, as made, the relator is entitled to the relief prayed.   Let a peremptory *mandamus* issue.

The other Justices concurred.