[No. 8862.  Department One. — June 23, 1885.]

MICHAEL ROBINSON, RESPONDENT, v. THE IRISH-
AMERICAN BENEVOLENT SOCIETY, APPELLANT.

67   135
110   307
67   185
117   376

BENEVOLENT CORPORATION — CONSTITUTION AND BY-LAWS — ASSENT TO BIND MEM-
BERS. — A member of a benevolent corporation who has assented to the pro-
visions of its constitution and by-laws is bound by them.

ID. — ALLOWANCE TO SICK MEMBERS — ACTION TO RECOVER. — The constitution
of the corporation provided that members when sick, upon complying with
certain conditions, should be entitled to an allowance out of the funds of
the corporation ; that the board of trustees should examine all claims of mem-
bers for such allowance, and that no money should be paid out of the cor-
porate funds except upon the order of the trustees. *Held,* that a member could
not maintain an action to recover the allowance until after the board of trustees
had been given an opportunity to examine his claim therefor.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*M. C. Hassett,* for Appellant.

The plaintiff was bound by the constitution and by-laws
of the corporation. (Civ. Code § 599 ; Angell & Ames on
Corporations, § 325 ; *Cummings* v. *Webster,* 43 Me. 192 ; *Come*
v. *Brigham,* 39 Me. 35.) The action cannot be maintained as
no opportunity was given the trustees to examine the plaintiff's
claim. (*Anacosta Tribe No. 12, Improved Order of Red Men*
v. *Murbach,* 13 Md. 91 ; *Black and Whitesmith's Society* v. *Van
Dyke,* 2 Whart. 309 ; *Toram* v. *Howard Beneficial Assoc.* 4 Pa. St.
519.)

*H. A. Powell,* for Respondent.

ROSS, J. — The defendant is a benevolent corporation organ-
ized under the laws of the State, its object in part being the
relieving and assisting of its sick members. The plaintiff became
a member in 1869, and has since been a member thereof in good
standing and entitled to all its benefits. The constitution govern-
ing the corporation provides for the election of a physician, whose
duty it is to attend the sick members, and among other things,
" to give a certificate of bad health when applied to and the case

warrants it." It is also provided by the constitution that "any beneficial member of this society who is sick and receives the doctor's certificate, shall be entitled to eight dollars per week during the continuance of his illness, provided such sick member shall not be absent from his house later than 8 o'clock P. M.; and it shall be the duty of the society's physician to send in a written statement every two weeks, stating how such sick member is getting on, and also send certificate of sickness at the same time, stating the nature of his disease," etc. It is further provided that the board of trustees provided for by the constitution, and who are required to hold their regular meetings on the Friday evening preceding the regular meetings of the society, "shall investigate all complaints connected with the affairs of the society, and the recording secretary shall report the same at the following meeting. They shall have full power to act in all cases submitted to them by the society, and from their decisions there shall be no appeal. . . . . No moneys shall be withdrawn from the deposit unless by a majority of the board of trustees. They shall also examine all claims of members for sick allowance, and if found correct order the same paid."

It appears from the record that on the 3d of October, 1881, the plaintiff demanded of the society payment to him of $352, which he claimed to be due him as sick allowance, accruing subsequent to November 29, 1880. The claim was presented to the society at its regular monthly meeting, which was held the evening of the day of the demand, and was by the society referred to its board of trustees. Instead of awaiting the consideration and determination of the board, the plaintiff within a few days commenced this suit against the society to recover the amount claimed by him. He undoubtedly did so, as appears from the record, because the physician at the instance of one of the trustees had some time before ceased furnishing the plaintiff with a certificate of his illness. It clearly appears from the evidence that plaintiff was sick and unable to work during the time for which he claimed the allowance, and had been so circumstanced for a long time prior thereto. But it is not to be presumed that the board of trustees would, upon the facts being made to appear, have refused to award the plaintiff the relief to which he was entitled. At all events, the plaintiff, when he became a member of the

society, assented to the provisions of its constitution and by-laws and is bound by them. The constitution of the society in terms. provides that the board of trustees shall examine all claims of members for sick allowance, and if found correct, order the same paid. In this case, without even giving the board an oppor-- tunity to examine his claim, the plaintiff resorted to suit. (See Anacosta Tribe No. 12, Improved Order of Red Men v. Murbach, · 13 Md. 91; 71 Am. Dec. 625, and Van Dyke's Case, 2 Whart. 309.) Judgment and order reversed.

McKee, J., and McKinstry, J. concurred.

Hearing in Bank denied