GRAND CENTRAL LODGE, No. 297, A. O. U. W.

v.

BRIDGET GROGAN, ADMINISTRATRIX.

*Life Insurance—Mutual Benefit Associations—Stipulations to Submit Claims to Committee—Construction of By-law.*

Members of mutual benefit orders may, by agreement, through reasonable provisions of their by-laws or constitution, stipulate that claims shall be submitted to a committee of the lodge, and that the determination of such committee, unless appealed from, shall be final. But such provisions are not to be extended by implication.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

This was an action brought by Michael Grogan in his lifetime, a member of the appellant lodge, to recover what are known as sick benefits. His membership, payment of dues, etc., sickness, notice to the lodge, examination by a competent physician and certificates of disability forwarded to the lodge were duly proven. It appeared that the lodge appointed a committee who, in company with its medical examiner, visited the brother and in response to his application for relief notified him that the lodge refused to entertain his application, also that the committee and the doctor did not consider him entitled to sick benefits on that sickness. Upon the trial appellant offered a copy of the constitution and by-laws of the Grand Lodge of the State of Illinois, which, among other things, provide that "Any member considering that injustice has been done him by the decision of the lodge may within one month thereafter appeal in writing to the G. N. W. or to the Grand Lodge, if in session, stating his reasons."

The court found that Michael Grogan was entitled to

receive the sum of $60 for "sick benefits," and rendered judgment for that sum, from which judgment the lodge has appealed.

Messrs. HENRY S. GOLDSMITH and P. T. KEILY, for appellant.

Messrs. MASTERSON & COFFEY, for appellee.

WATERMAN, P. J. It is contended by appellant (the lodge) that Michael Grogan's only remedy upon the refusal of the lodge to entertain his claim, was by an appeal to the G. N. W. or to the Grand Lodge. It is undoubtedly the case that members of voluntary societies like this may by agreement with the lodge and their fellow members stipulate that claims for benefits shall be submitted to a committee of the lodge, and that its determination, unless appealed from, shall be final. In such case, if the by-law be reasonable, proper notice be given and the lodge and committee proceed fairly, the member would be concluded by the decision of the tribunal to which he had agreed, unless he appealed therefrom. Bacon on Mutual Benefit Societies, Sec. 95.

In the present case there does not appear to have been any agreement to submit such a claim as is made in this case, to a tribunal of the lodge. The language of the by-law as to appeals is permissive only; the aggrieved member "may appeal," while there is absolutely no provision for the submission of the claim in the first instance to a tribunal of the lodge. Bauer v. Sampson Lodge, 102 Ind. 262. By-laws providing for the submission of claims of this kind to the arbitration of a tribunal outside the courts, are not to be extended by implication. Bauer v. Sampson Lodge, *supra.* The case of Dolan v. Court Good Samaritan, 127 Mass. 437, is much like this. It was there held, as we hold here, that the performance of the conditions precedent, absolutely entitled the member to the allowance.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*