EDWIN C. WHITNEY vs. NATIONAL MASONIC ACCIDENT ASSOCIATION.

Submitted on briefs Dec. 14, 1892.   Decided Jan. 28, 1893.

**Agreements to Oust the Courts of Jurisdiction are Void.**

In a contract creating a definite legal obligation, (e. g. to pay a certain sum of money upon a specified contingency,) an agreement to the effect that the rights and obligations of the parties shall be determined by arbitration, and that no action shall be maintained on the contract, is not legally effectual to bar such an action.

**Contract Construed.**

Such a clause in a contract of insurance construed.

Appeal by plaintiff, Edwin C. Whitney, from a judgment of the District Court of Hennepin County, *Canty,* J., entered June 13, 1892, dismissing the action and for $22.83 costs.

The defendant, the National Masonic Accident Association, a corporation created under the laws of Iowa, on June 2, 1890, insured plaintiff, and by its policy of that date agreed to pay him $25 per week for a period not exceeding fifty-two consecutive weeks, as in-

demnity for loss of time in case he should be incapacitated for business by external, violent and accidental means. But the indemnity was not to exceed the sum realized by an assessment of two dollars upon each of the members at the date of the accident. The policy contained this further provision:

"Disputed claims shall be adjusted as follows: Should such a claim arise, it shall be referred to a committee of three, all of whom shall be Master Masons. One to be chosen by the assured or his representative, one by the Association, and the two so chosen shall select the third; none of whom shall be relatives of the assured, or have any pecuniary interest in the claim. No suit shall be brought upon any disputed claim before the same shall have been arbitrated by such committee, and the award of such committee shall be final and conclusive upon both the claimant and the Association."

The same provision was embodied in defendant's articles of incorporation.

The plaintiff claimed that on January 28, 1891, while he was travelling in a railroad train in this state, he received injury by bringing his foot accidentally in contact with heated pipes in the car in which he was riding, whereby he was incapacitated for business for seventeen weeks. The defendant disputed the claim, and thereupon plaintiff offered to submit the claim to arbitration, and selected James W. Lawrence, a Master Mason of Minneapolis, as an arbitrator, and the defendant selected James D. Gamble of Iowa, but the two were unable to agree upon a third, and the arbitration for that reason failed.

Thereupon plaintiff commenced this action, setting out these facts in his complaint. Issue was joined, and on May 11, 1892, the action came on for trial. A jury was impaneled, but before any evidence was given the defendant moved the court for judgment in its favor upon the pleadings, on the ground that the provision of the policy for arbitration of disputed claims had not been complied with, that such arbitration was a condition precedent, and that the pleadings did not show sufficient performance of the condition. The court granted the motion and ordered judgment dismissing the action, which was entered accordingly.

*Jackson & Atwater*, for appellant.

The agreement of the defendant in this case was to pay to the plaintiff $25 per week in case of an accident occurring to him un- the conditions expressed in the policy. There was no condition that the amount of the payment should be the sum determined by arbitra- tion. The time of payment was not fixed with reference to any arbi- tration. The provision with reference to an arbitration was merely collateral to the main agreement of the defendant, and was in no way an essential element of that agreement. Under such circumstances the failure to perform the agreement in regard to arbitration is no bar to a suit at law upon the agreement to pay plaintiff $25 a week in case he became incapacitated by accident. "The promise is not to pay the award, but to pay the sum named, and the proviso does not make the award a condition precedent to the promise to pay, but a mode of enforcing that promise. It is well settled that such an agree- ment is no bar to an action on the promise." *Badenfeld* v. *Massa- chusetts Mut. A. Ass'n*, 154 Mass. 77; *Reed* v. *Washington F. & M. Co.*, 138 Mass. 572; *Gasser* v. *Sun Fire Office*, 42 Minn. 315; *State* v. *Union Merchants' Exchange*, 2 Mo. App. 96; *Nute* v. *Hamilton Mut. Ins. Co.*, 6 Gray, 174; *Hall* v. *People's Mut. F. Ins. Co.*, 6 Gray, 185; *Amesbury* v. *Bowditch Mut. F. Ins. Co.*, 6 Gray, 596; *Hope* v. *International F. Soc.*, 4 Ch. D. 327; *Insurance Co.* v. *Morse*, 20 Wall. 445.

There are certain decisions in Indiana, sometimes quoted as au- thority for the position that a contract of insurance by a mutual benefit association with one of its members is to be construed differ- ently from a similar contract when entered into by other parties. *Supreme Council of the Order of Chosen Friends* v. *Forsinger*, 125 Ind. 52; *Supreme Council of the Order of Chosen Friends* v. *Garri- gus*, 104 Ind. 133; *Bauer* v. *Samson Lodge K. P.*, 102 Ind. 262. But an examination of these decisions will show that the courts have decided nothing more than that a member must comply with the valid and reasonable provisions of the contract into which he has en- tered, as set forth in the by-laws of the society.

If the provision for arbitration was valid, the plaintiff was not re- quired to arbitrate in this case, because the defendant denied any lia-

bility under the policy.    In such cases it is generally held that where the company denies liability for any sum whatever, the assured is not required to go through the form of an arbitration.    *Phœnix Ins. Co.* v. *Badger*, 53 Wis. 283; *Bailey* v. *Ætna Ins. Co.*, 77 Wis. 336; *Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 246; *Randall* v. *Phœnix Ins. Co.*, 10 Mont. 362; *Tilley* v. *Phœnix Fire Ins. Co.*, 86 Va. 811.

If the provision for arbitration was valid, it was a question for the jury whether the plaintiff had shown a sufficient compliance with it. The plaintiff selected one arbitrator and the defendant selected another, but the two thus chosen were unable to agree upon a third. The arbitrator selected by the defendant insisted that the third man should be a lawyer, to which the plaintiff's arbitrator would not consent.    After the arbitration had apparently become impossible by reason of the persistent demand of the defendant's arbitrator, the plaintiff brought his action.    The court below seemed to be of the opinion that the plaintiff was bound to exhaust every reasonable means of obtaining an arbitration, and that until this was shown, he was not entitled to maintain his suit.    The case of *Davenport* v. *Long Island Ins. Co.*, 10 Daly, 535, was relied upon to support this position.    That case rests upon the authority of *United States* v. *Robeson*, 9 Pet. 319, where the facts are entirely different.    If the insurance policy had provided that the company should pay only such sum as the arbitrators might determine, then the analogy would be complete, but this policy contains a definite agreement to pay a fixed sum, with a collateral agreement for arbitration, and there is no similarity.    The general rule is that under a policy containing an arbitration clause, the assured should show a fair effort on his part to obtain the arbitration.    *Old Saucelito L. & D. D. Co.* v. *Commercial U. A. Co.*, 66 Cal. 253; *Uhrig* v. *Williamsburgh City F. Ins. Co.*, 101 N. Y. 362; *Powers Dry Goods Co.* v. *Imperial Fire Ins. Co.*, 48 Minn. 380; *Germania Fire Ins. Co.* v. *Frazier*, 22 Ill. App. 327.

*Clark Varnum* and *F. A. Gilman*, for respondent.

The National Masonic Accident Association is not an insurance company.    It is a mutual benefit association organized upon the assessment plan, and purely and entirely mutual in every respect.

All the contracts of a mutual insurance association or company are made with reference to all the laws of the organization, and such laws, whether contained in the charter or by-laws, are deemed a part of each contract of membership, and are binding on all members. *Supreme Lodge K. P.* v. *Knight,* 117 Ind. 489; *Borgards* v. *Farmers' Mut. Ins. Co.,* 79 Mich. 440; *Commonwealth* v. *Dorchester Mut. F. Ins. Co.,* 112 Mass. 142.

If the charter or by-laws of a mutual benefit association or mutual insurance company provide that the decision of a tribunal raised by the charter or by-laws shall be final and a bar to any suit at law, it is a valid provision. *Canfield* v. *Knights of Maccabees,* 87 Mich. 626; *Van Poucke* v. *Netherland St. Vincent De Paul Soc.,* 63 Mich. 378; *Anacosta Tribe, No. 12, Improved Order of Red Men* v. *Murbach,* 13 Md. 91; *Toram* v. *Howard Beneficial Ass'n,* 4 Pa. St. 519; *Woo'sey* v. *Independent O. O. F.,* 61 Iowa, 492; *Rood* v. *Railway Passenger & F. C. Mut. Ben. Ass'n,* 31 Fed. Rep. 62; *Bauer* v. *Samson Lodge K. P.,* 102 Ind. 262; *Leech* v. *Harris,* 2 Brewster, 571; *Osceola Tribe, No. 11, Independent Order of Red Men* v. *Schmidt,* 57 Md. 98; *Harrington* v. *Workingmen's Ben. Ass'n,* 70 Ga. 340.

One of the conditions in this case was that arbitration should be had of disputed claims, and that no suit should be brought on a disputed claim before arbitration. This court has held these provisions contained in the charter of mutual benefit associations or mutual insurance companies regarding arbitration are binding and valid. *Gasser* v. *Sun Fire Office,* 42 Minn. 315; *Mosness* v. *German-Am. Ins. Co.,* 50 Minn. 341. No cases can be found holding to the contrary except *Badenfeld* v. *Massachusetts Mut. A. Ass'n,* 154 Mass. 77, which case is not at all like the one at bar, because there was an express promise to pay the sum of money, and the suit was upon a policy of accident insurance.

Where a contract provides for arbitration as a condition precedent to the right of action, as is done in this case, such condition must be fulfilled before suit can be brought. *Old Saucelito L. & D. D. Co.* v. *Commercial U. A. Co.,* 66 Cal. 253; *Perkins* v. *United States Electric Light Co.,* 16 Fed. Rep. 513; *Smith* v. *Boston, &c., R. Co.,* 36 N. H. 458; *Holmes* v. *Richet,* 56 Cal. 307; *Haley* v. *Bellamy,* 137

Mass. 357; *Palmer* v. *Clark*, 106 Mass. 373; *Hood* v. *Hartshorn*, 100 Mass. 117; *Roe* v. *Williams*, 97 Mass. 163; *Davenport* v. *Long Island Ins. Co.*, 10 Daly, 535; *President, etc., D. & H. Canal Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250; *Lafond* v. *Deems*, 81 N. Y. 507; *Hudson* v. *McCartney*, 33 Wis. 331; *Herrick* v. *Belknap*, 27 Vt. 673; *United States* v. *Robeson*, 9 Pet. 319; *Trott* v. *City Ins. Co.*, 1 Cliff. 439; *Viney* v. *Bignold*, 20 Q. B. Div. 172.

DICKINSON, J. This is an appeal from a judgment dismissing the action. This disposition of the cause was directed by the court on the pleadings, when the case came on for trial, upon the ground that the action was prematurely instituted. It appears that the defendant is a corporation or association organized under the laws of the state of Iowa, and engaged in insuring its members against accidents, the indemnity payable being realized by the association by assessment on its members. The plaintiff became a member of the association, and, having suffered an injury which would entitle him to indemnity, under the terms of his contract of membership, this action is prosecuted to recover the same. The certificate upon which the action is founded declares that, upon the consideration therein expressed, the plaintiff is accepted as a member of the association, "subject to all the conditions hereinafter contained, and entitled to the following benefits, viz. twenty-five dollars per week, * * * as indemnity for loss of time resulting from bodily injury," etc. There follows a statement of the "agreement and conditions under which this certificate is issued and accepted," among which is the following:

"Disputed claims shall be adjusted as follows: Should such a claim arise, it shall be referred to a committee of three, all of whom shall be Master Masons,— one to be chosen by the assured or his representative, one by the association, and the two so chosen shall select the third, none of whom shall be relatives of the assured, or have any pecuniary interest in the claim. No suit shall be brought upon any disputed claim before the same shall have been arbitrated by such committee, and the award of such committee shall be final and

conclusive upon both the claimant and the association." The same provision is embodied in the articles of incorporation.

The defendant having disputed the plaintiff's claim for indemnity, two arbitrators were chosen,—one by each of the respective parties; but, as is alleged in the complaint, the arbitrators so chosen were unable to agree upon a third, and have utterly failed to arbitrate upon the claim. It further appears from the reply that the reason of the inability of the two arbitrators to select a third was that one of them insisted that the third arbitrator should be a lawyer, to which the other arbitrator would not consent.

The agreement with respect to arbitration is in such general terms that it must be regarded as intended to comprehend the whole matter of any claim which may be disputed, including the law as well as all the facts of the case. There is nothing indicating an intention to confine the arbitration here provided for to the determination of any particular fact or facts. By the terms of the contract, the subject to which this provision is applicable is not only so broad as to cover any controversy that may be involved in "disputed claims," but there is no such mention or designation of any particular fact or matter as the subject of arbitration that this provision can be regarded as having only a limited application.

It will be observed that the contract fixes a certain definite sum as the amount to be paid weekly in case of disability, and only as it further provides for the arbitration of disputed claims does it qualify that express obligation to pay the sum stated, or make the amount payable dependent upon the determination of arbitrators. It is also apparent that this clause was framed for the purpose of making an arbitration of any disputed claim a condition precedent to the right to maintain an action to recover the indemnity contracted to be paid.

The case before us is distinguishable from those where the agreement provides only for the determination by arbitration of some particular fact or facts, as well as from cases where the contract expresses no obligation to pay any definite sum or to do any particular thing, but only to pay such sum or to do such thing as shall be de-

termined by arbitrators. In such cases, and perhaps some others, the principle of law which is decisive in the present case is not controlling, as the authorities to be hereafter cited will show.

It has long been the settled rule of law that if, in a contract creating a definite legal obligation, (*e. g.* to pay a certain sum of money on a specified contingency,) there is embodied an agreement that the rights or obligations of the parties shall be determined by arbitration, and that no action shall be maintained on the contract, such an agreement is not legally effectual to bar such an action. *Gasser* v. *Sun Fire Office,* 42 Minn. 315, 317, (44 N. W. Rep. 252;) *Edwards* v. *Aberayron Mut. S. Ins. Soc.,* 1 Q. B. Div. 563, 578, *et seq.,* and cases cited; *Stephenson* v. *Piscataqua F. & M. Ins. Co.,* 54 Me. 55; *Delaware & H. Canal Co.* v. *Pennsylvania Coal Co.,* 50 N. Y. 250; *Seward* v. *City of Rochester,* 109 N. Y. 164, 169, (16 N. E. Rep. 348;) *Mentz* v. *Armenia Fire Ins. Co.,* 79 Pa. St. 478, and cases cited; *Holmes* v. *Rechet,* 56 Cal. 307; *Cobb* v. *New England Mut. M. Ins. Co.,* 6 Gray, 192; *Reed* v. *Washington F. & M. Ins. Co.,* 138 Mass. 572, 575; *Allegre* v. *Maryland Ins. Co.,* 6 Har. & J. 408; *Trott* v. *City Ins. Co.,* 1 Cliff. 439; 2 May, Ins. (3d Ed.) 492; 2 Chit. Cont. (11th Am. Ed.) 1183; 2 Story, Eq. Jur. 1457; 61 Law T. 171. In *Scott* v. *Avery,* 5 H. L. Cas. 811, and particularly in the opinion of Lord Campbell, is language which seems to be opposed to the rule as it had theretofore been established. But it is apparent from the later case of *Edwards* v. *Aberayron Mut. S. Ins. Soc., supra,* that the majority of the court in the exchequer chamber did not regard that case as overruling former decisions. The rule is so well settled, and so generally recognized, that it is needless to consider the various reasons which have been assigned for it.

The principle of law above stated controls the decision of this case. The general agreement to arbitrate, and that no action should be prosecuted, did not preclude the plaintiff from maintaining an action on the contract. Hence the order dismissing the action, and the judgment thereon, were erroneous.

Judgment reversed.

(Opinion published 54 N. W. Rep. 184.)