(68 App. Div. 375.)

### SHIRTCLIFFE v. WALL.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

1. MUTUAL BENEFIT ASSOCIATIONS—SICK BENEFITS—ACTION OF SUBORDINATE LODGE—APPEAL TO TRIBUNALS OF ORDER.

Where the constitution of a mutual benefit association provided that appeals from the action of subordinate lodges might be taken to the grand lodge, the action of a subordinate lodge in refusing the payment of sick benefits will not be reviewed by the courts, when no appeal was taken to the grand lodge.

2. MUNICIPAL COURTS—POWER OF AMENDMENT—CHANGE OF ISSUES.

Code Civ. Proc. § 3347, subd. 6, extending to all courts the provisions of section 723, authorizing amendments not substantially changing the cause of action or defense, does not limit the power of amendment given to municipal courts by section 2944, authorizing any amendment; but a municipal court may grant an amendment, though involving a new cause of action or defense.

Appeal from municipal court, borough of Brooklyn.

Action by Frederick Shirtcliffe against James J. Wall, as president, etc. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Edwin D. Kenyon, for appellant.
Arthur A. Michell, for respondent.

JENKS, J. The plaintiff admitted that he was present at a meeting of his lodge where the members voted against payment of sick benefits to him, and that he never appealed to any tribunal or to the committee of appeals and grievances. The constitution of the grand lodge of the state of New York, which applies to every member of the defendant, provides, by article 9, § 4, that the committee on appeals and grievances shall hear all appeals from decisions of district

grand committees, and all appeals and grievances from subordinate lodges and members thereof. There is evidence upon which the learned trial court could determine that this remedy was clear to the plaintiff in this claim against the defendant. I think that as the plaintiff did not resort to the remedy prescribed by the constitution, which was the contract between him and the defendant, the judgment of the court was justified, and may be affirmed. Lafond v. Deems, 81 N. Y. 507, 514; Poultney v. Bachman, 31 Hun, 49; Johansen v. Blume, 53 App. Div. 526, 65 N. Y. Supp. 987. I think the court had power to allow the amendments to the answer. In Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798, the supreme court, appellate term, per O'Gorman, J., held that a municipal court may grant an amendment to the pleadings, although it may involve a new cause of action or a new defense. The reasoning of the opinion seems to me correct and cogent. The learned counsel for the appellant criticises this decision upon two grounds: First. In that the learned court failed to take into consideration section 723 of the Code of Civil Procedure, which, by subdivision 6 of section 3347, Id., is made applicable to all courts. But I think that the extension of this section to all courts was not intended to limit the broad powers of amendment conferred upon municipal courts by section 2944 of the Code, but, on the contrary, to make their powers of amendment more definite. Second. It is contended that the legislature would not be presumed to clothe justices of the peace or the municipal courts with powers greater than those conferred upon the supreme court. The answer is that the powers conferred upon the municipal court are no greater than those inherent or conferred upon the supreme court at its trial and its special terms. Section 2944 makes provision for an adjournment in case a party amends his pleading, and thus practically affords similar protection to the opposite party, as though he had been sent from the trial to the special term in an action in the supreme court. I think that the other amendments were within the power of the municipal court.

Judgment affirmed, with costs. All concur.