HOAG v. SUPREME LODGE OF INTERNATIONAL CONGRESS.

1. BENEFIT INSURANCE—BY-LAWS—ARBITRATION.
   Where the by-laws of a benefit association provide for the arbitration of all death claims, that the decision of the arbitrating body shall be final, and no suit at law or in equity shall be maintained by a beneficiary against the company, a claimant cannot bring suit on a death claim until the remedy given by the by-laws has been exhausted.

2. SAME—WAIVER OF FRAUD.

> Fraud in the denial of liability on a death claim by a benefit association may be waived by submitting proofs and appealing from the decision of the local board.

Error to Calhoun; Winsor, J.    Submitted June 5, 1903. (Docket No. 38.)    Decided July 8, 1903.

*Assumpsit* by Mary J. Hoag against the Supreme Lodge of the International Congress on a benefit certificate.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Affirmed.

*Jesse M. Hatch* and *North & Salisbury,* for appellant.

*William G. Howard,* for appellee.

GRANT, J.    Plaintiff's son, on April 18, 1898, became a member of the defendant, a fraternal insurance company organized under the laws of this State.    He was a member of the local assembly in the city of Battle Creek.    By the by-laws, assessments of 70 cents each are payable monthly on the 1st day of each month, but an extension is given to the 21st of the month, and they must be paid on or before that date, and, if not so paid, the member stands suspended from all benefits provided by the laws of the order.    Mr. Hoag was in arrears at the time of his death, February 5, 1899.    Plaintiff's right of action is based upon her proposition to show that the defendant had not always insisted upon the payments by the 21st, but that it was customary to receive assessments from members after that date, and that it had so received dues from Mr. Hoag.

. Plaintiff applied to defendant for blanks upon which to make proof of death.    The defendant refused, denying liability on the ground that Mr. Hoag had been suspended for nonpayment of assessments.    Finally, however, defendant furnished her with the blanks.    She perfected her proofs, and submitted them to the board of trustees of the local assembly, which rejected the claim.    Her attorneys then prepared an appeal for her, which she took to the supreme

body.   That body met at the time provided for by its by-laws, but did not pass upon plaintiff's appeal, as neither she nor any one appeared for her.   The claim, therefore, still stands unacted upon, and will be for hearing at the next meeting of that body.   Her claim, by this nonaction of the supreme body, is no more affected than would be the right of a litigant whose case has been continued to another term through his default for not appearing and demanding trial.

The court, upon offers of proof of the above facts, directed a verdict for the defendant, for the reasons (1) that Mr. Hoag was suspended; (2) that the court had no jurisdiction, under the former decisions of this court.   The judgment must be sustained, under several prior decisions. *Russell* v. *Benefit Ass'n*, 116 Mich. 699 (75 N. W. 137), and authorities there cited; also *Fillmore* v. *Great Camp K. O. T. M.*, 103 Mich. 437 (61 N. W. 785).   The provisions of defendant in regard to the allowance of claims are substantially the same as those in the authorities cited. Under plaintiff's own statement of the case in open court, and her offers of proof, she has not been deprived of the remedy which the defendant's articles of association afford her.   She was not satisfied with a denial of liability, but insisted upon making proofs.   If there was any fraud prior to her submission of proofs and the hearing before the board of trustees, such fraud was waived by her action. Her case is now in the proper forum provided by the articles of association, to which Mr. Hoag agreed, and by which she is bound.   She cannot maintain any suit at law until that remedy is exhausted.   The case of *Rose* v. *Supreme Court, Order of Patricians*, 126 Mich. 577 (85 N. W. 1073), does not apply.   The right to maintain suit in that case was based expressly upon the fact that plaintiff had been denied a hearing before the supreme court of the order.

Judgment affirmed.

The other Justices concurred.