HARRIS v. DETROIT TYPOGRAPHICAL UNION.

TRADE UNIONS—EXPULSION OF MEMBERS—REVIEW BY COURTS—
REMEDY WITHIN UNION.

Where the by-laws of a local trade union provide for review of
its action in disciplining members by appeal to the inter-
national union, a member expelled for contumacy in refus-
ing to pay a fine, which he claims was imposed without jur-
isdiction, is not entitled to have the sentence of expulsion set
aside by the court and the officers of the union restrained
from reporting his expulsion to his employer before he has
exhausted his remedy by appeal; and it is immaterial that
pending his appeal he may be deprived of the privileges of
membership, since by becoming a member and binding him-
self to seek redress through appeal, he bound himself to sub-
mit to the incidents of such appeal.

Appeal from Wayne; Rohnert, J.   Submitted Janu-
ary 9, 1906.   (Docket No. 35.)   Decided July 3, 1906.

Bill by Albert S. Harris against the Detroit Typograph-
ical Union, No. 18, and others, to set aside an order of ex-
pulsion and to restrain the reporting of such expulsion to
complainant's employer.   From a decree dismissing the
bill, complainant appeals.   Affirmed.

*Bowen, Douglas, Whiting & Murfin,* for complain-
ant.

*Fred H. Aldrich,* for defendants.

MONTGOMERY, J.   This is a bill in equity to set aside
action taken by the defendant, the Detroit Typographi-
cal Union, and to restrain the defendants from reporting
to complainant's employer that he has been expelled from
that body.   From a decree dismissing the bill, complain-
ant appeals.

The Detroit Typographical Union is, as its name implies,
a labor union, having for its object the advancement of

the interests of its members by making it possible by its rules and action as a body to secure better terms of employment for its members than could be otherwise obtained. There is also provided a benefit fund payable to members at death. The society is governed by a constitution and by-laws, and is affiliated with an incorporated society known as the International Typographical Union. It appears that the local body is by its constitution authorized to discipline its members, to impose fines, and for contumacious conduct expel members, its action in any such case being subject to review by the officers of the International Union on appeal.

Charges were preferred against complainant, and on a trial of those charges he was fined $500. He, claiming that the action taken was illegal, failed to pay this fine. Thereupon new charges, based upon his contumacy in refusing to pay the fine, were preferred. After a trial he was by a vote of the local body expelled. Complainant immediately gave notice of an intention to claim an appeal to the International Typographical Union, which appeal appears to have been taken since this bill was filed. The action of the local union both in its proceedings resulting in the fine and in those which resulted in complainant's expulsion are attacked on several grounds which are said to go to the jurisdiction, and it is urged that the court should interfere to prevent the perpetration of the wrong. The learned circuit judge was of the opinion that the criticism of the action taken was warranted, but held that as the complainant had a remedy within the order, to be taken by appeal, a court of equity should not interfere until that remedy is exhausted.

We think his ruling is in accord with our previous holdings. This court has in many cases stated the rule that members of a voluntary or a mutual benefit society may enter into a binding agreement that the rights of its members shall be determined by the society itself. *Van Poucke* v. *St. Vincent De Paul Society*, 63 Mich. 378; *Hembeau* v. *Knights of Maccabees*, 101 Mich. 161 (49 L. R. A.

592); *Fillmore* v. *Knights of Maccabees*, 103 Mich. 437; *Hoag* v. *International Congress*, 134 Mich. 87; *Barker* v. *Ladies of Modern Maccabees*, 135 Mich. 499. We do not overlook the contention that the complainant had the right to ignore the proceedings which resulted in a fine, on the ground that they were taken without jurisdiction, and that complainant therefore took no appeal therefrom, and should be relieved by the court. It does not appear, however, that complainant has paid the fine, or has any purpose of doing so; nor is there any means of enforcing its payment except by expelling complainant. In the proceedings for complainant's expulsion an opportunity is afforded for the trial of the question of the validity of the fine order, and that question is now open on the appeal pending before the International Union. This fact distinguishes this case from those of *Erd* v. *Relief Ass'n*, 67 Mich. 233, and *Meurer* v. *Protective Ass'n*, 95 Mich. 451, and brings the case within *Hoag* v. *International Congress*, supra.

It is true that the complainant may, pending his appeal, be deprived of his privileges as a member of the association, but in becoming a member of the organization and binding himself to seek redress for an unlawful or unreasonable sentence by the local body through an appeal to the International Union, he bound himself to submit to the incidents of an appeal actually taken.

The decree is affirmed, with costs.

MCALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.