DAVID D. KING, JR., *vs.* WYNEMA COUNCIL No. 10, DAUGHTERS OF POCAHONTAS, IMPROVED ORDER OF RED MEN.

1.  BENEFICIAL ASSOCIATIONS—CONTRACTS OF MEMBERSHIP.

A contract of membership in a fraternal association is made with reference to the constitution, by-laws, and regulations of the association, and these are a part of the contract.

2.  BENEFICAIL ASSOCIATIONS—BY-LAWS—EFFECT—"PERSON AGGRIEVED."

A by-law of a beneficial association, which stipulates that any "person aggrieved" at the action of a council for failing to pay benefits, may appeal, whereon the council shall appoint a commissioner to take testimony and report, and that the aggrieved party may appeal to the board of appeals from the action of the council refusing to pay benefits, or the action of the council shall be final, includes members and beneficiaries, and is a part of the contract between the association and a member, and a beneficiary must comply therewith before resorting to the courts for relief.

(*January* 9, 1911.)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting.

*Harry Emmons* for plaintiff.

*Frank L. Speakman* for defendant.

Superior Court, New Castle County, November Term, 1910.

ACTION OF ASSUMPSIT (No. 128, September Term, 1909) by David D. King, Jr., against Wynema Council, No. 10, Daughters of Pocahontas, Improved Order of Red Men, to recover funeral benefits alleged to be due under the general laws and by-laws of the defendant order. Demurrer to certain pleas overruled.

PENNEWILL, C. J., delivering the opinion of the court:

This case is before the court on demurrer to the fifth, sixth, seventh and eighth pleas filed by the defendant in the action.

The defense set up in said pleas is, that the plaintiff failed to pursue the remedies provided by appeal in the general laws and by-laws of the council of which the plaintiff's wife was a member. The particular laws referred to and set forth in the pleas, are:

That should any person feel aggrieved at the action of a council for failing to pay benefits that may be claimed to be due, such person may appeal from said action by giving the council written notice; within sixty days after said action, whereupon the council shall, without delay, appoint a suitable member of the order as commissioner to take such testimony as either party may offer in relation to the same.

The commissioner shall within twenty days proceed to take testimony, giving each party ten days' notice. The aggrieved party may appear in person and by counsel, and shall be given ample time and opportunity to present his witnesses, and have their testimony taken. After taking all the testimony the parties may offer, the commissioner shall immediately transmit it to the council, whereupon the keeper of records shall notify the aggrieved party, in writing, under seal, that the subject will be considered at the next council, at which time the council shall consider it, when the evidence in the case shall be read and the case finally determined. That after final action has been had by the council the keeper of records shall immediately notify the aggrieved party, in writing, under seal, of the action of the council.

If the council still refuses to pay the benefits claimed then the aggrieved party may appeal to the board of appeals at any time within thirty days from the date of the notice by filing an appeal as provided by law; otherwise the action of the council, at the expiration of the thirty days, will be final and conclusive.

Such are substantially the laws of the defendant council so far as they are applicable to this case. The plaintiff failed to pursue the remedy or mode provided by the laws of the order for the ascertainment of the rights of an aggrieved party; and did not appeal, or pursue any remedy, therein provided.

The plaintiff was not a member of the defendant order, but the widower and beneficiary of a member, and entitled as surviving husband to the sum of one hundred dollars as a funeral benefit.

The defendant contends:

(1) That the general laws and by-laws of the council, as shown by its pleas, provide a tribunal or mode for hearing the grievances and determining the rights of a member or beneficiary, and that the remedy so provided must be pursued and exhausted before relief can be asked of this court.

(2) That such general laws and by-laws are alike binding on a member and a beneficiary.

The plaintiff contends:

(1) That the order could not, by its constitution and by-laws deprive a member of the right to resort to a court of law to enforce his rights in a case like this. While it might do so in matters of discipline, and such as are incidental to the operation of the association, it could not as to rights that are contractural.

(2) Unless the laws of the society make it mandatory upon a member or beneficiary to exhaust his remedies within the society itself, resort to the courts is not precluded where pecuniary or property rights are involved.

(3) The laws of a benefit association forbidding resort to civil courts for the recovery of a benefit until all the remedies within the association have been invoked, do not apply to a beneficiary.

The plaintiff has cited the following authorities in support of his contentions: *Bacon on Benefit Societies, Vol.* 1, *p.* 189; *Id. Vol.* 2, *p.* 1012; *Bauer v. Sampson Lodge,* 102 *Ind.* 262, 1 *N. E.* 571; *Sup. Council v. Garrigus,* 104 *Ind.* 133, 3 *N. E.* 818, 54 *Am. Rep.* 298; *Railway Pass. Ass'n v. Robinson,* 147 *Ill.* 138, 35 *N. E.* 168; *Burlington Vol. Ass'n v. White,* 41 *Neb.* 547, 59 *N. W.* 747, 43 *Am. St. Rep.* 701; *Daniher v. Grand Lodge,* 10 *Utah* 110, 37 *Pac.* 245; *Sup. Lodge v. Andrews,* 31 *Ind. App.* 422, 67 *N. E.* 1009; *Keefe v. Woman's Cath. O. of F.,* 162 *Ill.* 78, 44 *N. E.* 401; *Grand Cent. Lodge v. Grogan,* 44 *Ill. App.* 111; *Whitney v. Assn.,* 52 *Minn.* 378, 54 *N. W.* 184; *Austin v. Searing,* 16 *N. Y.* 112, 69 *Am. Dec.* 665; *Crossley v. Insurance Co. (C. C.)* 27 *Fed.* 30; *Seward v. City*

*of Rochester*, 109 *N. Y.* 164, 16 *N. E.* 348; *Strasser v. Staats*, 59
*Hun.* 143, 13 *N. Y. Supp.* 167; *People v. Order of Foresters*, 162
*Ill.* 78, 44 *N. E.* 401; *Dodson v. Hall et al.*,1 *Pa. Dist. R.* 401.

We think that practically all the questions raised in this
case have been passed upon by the courts of this state.    In the
case of *Del. Lodge No.* 1 *I. O. O. F., d. b. a., v. Allmon, p. b. r.*, 1
*Penn.* 160, 39 *Atl.* 1098, the defendant was a beneficial associa-
tion, and the suit was brought for sick benefits claimed to be due
under the constitution and by-laws of the society.

The constitution of the lodge provided, that should any dis-
pute arise between the relief committee and the brother as to sick
benefits, the matter should be referred to the lodge for its decision.
Should the decision of the lodge be adverse to the member, the
constitution provided a further remedy by an appeal to the Grand
Lodge of Delaware.    The plaintiff, Allmon, did not pursue his
remedy in the subordinate and Grand Lodge, and admitted that
he had no standing in court unless he was prevented from so
doing by the unlawful act or proceeding of the lodge itself; that
is, unless it was shown that the matter was referred to, heard and
determined by the lodge *without notice to the plaintiff*.

While the real question in that case was whether the plain-
tiff had received the notice that the lodge was required to give
before hearing and determining the matter in dispute, the court
in charging the jury used the following language, which we think
largely governs the present case:

"It is conceded, that the plaintiff's right to recover depends
upon the constitution and by-laws of the society.    They constitute
the contract between the parties and govern the case.    By them
each party is bound.    The plaintiff can recover only by showing
compliance with the provisions thereof.    Where the constitution
or by-laws of the society provide that the right of a member to
benefits shall be ascertained in a particular mode, that mode must
be pursued before he can enforce his supposed right in the courts;
unless by the action of the society he is prevented from taking
such a course.

"This rule is founded both on the authority of well-considered
cases and upon reason.

Opinion.

"If a member was permitted to refuse or neglect to establish his right to benefits by the methods provided by the rules of the society, the operations of such societies would be thrown into confusion, their usefulness impaired, and the courts would be burdened by a multitude of suits about contentions which should have been settled elsewhere.   *   *   *

"It is conceded by the counsel for the plaintiff, that it was the duty of the plaintiff to pursue his remedy in the subordinate and Grand Lodge; and that he has no standing in this court unless he was prevented from so doing by the unlawful act or proceeding of the Lodge itself.

"We say to you that that is the law. The plaintiff was bound to exhaust his remedy under the constitution and by-laws within the lodges; and if he failed so to do, he cannot recover in this action unless he was unlawfully prevented from pursuing such remedy by the lodges themselves."

The court held in the *Del. Lodge case*, in conformity with the great trend of authority, that when individuals unite to form a voluntary association, and adopt a constitution and by-laws, the relation which exists between the members is one of contract, and the constitution and by-laws form the terms of the agreement. Such agreement is valid and binding upon them if it is not in contravention of the law of the land or of public policy.

Whether the language used by the court, and above quoted, was necessary in the decision of the case or not, it meets with our entire approval, and is supported by the large majority of well-considered cases upon the subject.   29 *Cyc. pp.* 204, 206; *Schou v. Sotoyome Tribe,* 140 *Cal.* 254, 73 *Pac.* 996; *Robinson v. Irish American Society,* 67 *Cal.* 135, 7 *Pac.* 435; *McGuinness v. Court Elm City,* 78 *Conn.* 43, 60 *Atl.* 1023; *Supreme Council v. Forsinger,* 125 *Ind.* 52, 25 *N. E.* 129, 9 *L. R. A.* 501, 21 *Am. St. Rep.* 196; *Reno Lodge v. Grand Lodge,* 54 *Kan.* 73, 37 *Pac.* 1003, 26 *L. R. A.* 98; *Tribe Redmen v. Schmidt,* 57 *Md.* 98; *Weigand v. Frat. Acc. Order,* 97 *Md.* 443, 55 *Atl.* 530; *Hoag v. Supreme Lodge,* 134 *Mich.* 87, 95 *N. W.* 996; *Levy v. Iron Hall,* 67 *N. H.* 593, 38 *Atl.* 18; *Smith v. Ocean Castle,* 59 *N. J. Law* 198, 35 *Atl.* 917; *Shirtcliffe v. Wall,* 68 *App. Div.* 375, 74 *N. Y. Supp.* 189; *Poultney v. Back-*

*man*, 31 *Hun.* 49; *Myers v. Jenkins*, 63 *Ohio St.* 101, 57 *N. E.* 1089, 81 *Am. St. Rep.* 613.

It can make no difference, in our opinion, whether the matter to be determined involves a pecuniary right, or a right of some other nature, provided it is contemplated and covered by the laws of the association, and to be finally heard and determined within the association. We can see no difference in principle.

The defendant insists that unless the laws of the society make it *mandatory* upon a member or beneficiary to exhaust his remedies within the society itself, a resort to the courts is not precluded; and argues that the present case is to be distinguished from the *Del. Lodge case* in this regard.

It is impossible to tell from the report of the Lodge case whether the language of the law providing for an appeal was mandatory or not; that is, whether it was, that the party aggrieved "shall" appeal, or "may" appeal. And in our judgment it makes no difference if it was further provided that the decision of the society should be final and conclusive, as in the case before us.

Manifestly it is not possible to make a dissatisfied member appeal. At the most he can only be given the right to appeal, and, if having such right, he refuses or fails to exercise it, after the association has given him proper notice, and performed such other duties as its laws require, he cannot maintain an action in court against the association upon the contract, provided he has agreed that the decision of the association shall be final and conclusive.

The agreement that such decision shall be final and conclusive necessarily makes an appeal mandatory and obligatory, if the dissatisfied member proposes to contest the action of the council, or does not intend to abide by its determination of the matter in dispute.

We understood counsel for the plaintiff to concede that, if the by-laws of the association expressly prohibit resort to the courts, then the remedies provided by the laws of the association must be exhausted before an action can be maintained in court. Certainly some of the cases he cited recognized that such is the law. We think that when the by-laws provide that the action of the

council shall be final and conclusive the meaning and intent is that resort shall not be had to the courts, and it is as clear as though action in court was expressly prohibited.

But, conceding that a member of the defendant council is precluded from resorting to the courts until he has exhausted the remedies provided by the association for the ascertainment and determination of his rights, the defendant claims that a beneficiary, such as the plaintiff, is not precluded.

It is to be noted that the plaintiff is a beneficiary by reason of being designated as such under the by-laws and general laws of the defendant. There are many decisions which hold that the failure of the beneficiary to exhaust the remedies within the association is fatal to his right to sue; and there seems to be one in our own state. The case of *Emmons v. Hope Lodge*, 1 *Marv.* 187, 40 *Atl.* 956, was an action brought by the plaintiff, who was a beneficiary, to recover funeral benefits payable upon the death of her husband.

The court in charging the jury said:

"The right of recovery in this case is based entirely upon the constitution and by-laws of the association, both sides are alike bound by them, and each alike are bound to comply with the provisions therein contained."

In *Canfield v. Great Camp*, 87 *Mich.* 626, 49 *N. W.* 875, 13 *L. R. A.* 625, 24 *Am. St. Rep.* 186, the court said:

"The suggestion that the constitution and laws of the defenant order may not be binding upon the plaintiff as the beneficiary of a deceased member is without merit. Whatever right she may have arises from, and depends solely upon, the voluntary act of her father in becoming and remaining a member of the defendant order, and she is as much bound as he was."

The following cases are to the same effect: 29 *Cyc.* 207; *Emmons v. Hope Lodge*, 1 *Marv.* 187, 40 *Atl.* 956; *Cotter v. Grand Lodge*, 23 *Mont.* 82, 57 *Pac.* 650; *Weigand v. Frat. Acc. Order*, 97 *Md.* 443, 55 *Atl.* 530; *Hoag v. Supreme Lodge*, 134 *Mich.* 87, 95 *N. W.* 996; *Fillmore v. Great Camp*, 109 *Mich.* 13, 66 *N. W.* 675; *Modern Woodmen v. Taylor*, 67 *Kan.* 368, 71 *Pac.* 806; *Robinson v. Templar Lodge*, 117 *Cal.* 370, 49 *Pac.* 170, 59 *Am. St. Rep.* 193; 29 *Cyc.* 207.

Opinion.

We can see no valid reason why the principle applicable to members of a voluntary association, which is so clearly settled, should not apply to beneficiaries as well. The contract of membership is made with reference to the constitution, by-laws and regulations of the association, and these must be treated as part of the contract. The right of recovery is based entirely upon them. The by-law relied upon, and set out in the fifth plea of the defendant, provides, that should *any person* feel aggrieved at the action of the council for failing to pay benefits, etc., such person may appeal. This by-law is broad and comprehensive enough to include both members and beneficiaries, and as it constitutes a part of the contract between the council and the insured, and as the benefit fund is made payable to the beneficiary in accordance with, and under the provisions of, the laws governing the council, we hold that they include the plaintiff in this action, and he is bound thereby.

The demurrer is overruled.