DAVID B. KING, JR., *vs.* WYNEMA COUNCIL NO. 10, DAUGHTERS OF POCAHONTAS, IMPROVED ORDER OF RED MEN OF DELAWARE.

1. INSURANCE—BENEFIT INSURANCE—EXHAUSTING REMEDIES WITHIN SOCIETY.

Under a provision in the laws of a benefit insurance society that any person feeling aggrieved at the action of a council may appeal, a beneficiary must exhaust such remedy by appeal, unless prevented by the council, before he can maintain an action at law.

2. INSURANCE—BENEFIT INSURANCE—REMEDIES WITHIN SOCIETY— "ACTION".

Under a provision of the laws of a benefit insurance society that any person feeling aggrieved at the action of a council in failing to pay benefits may appeal, the failure of the council to pay a benefit constitutes an "action" from which an appeal may be taken, and does not prevent the beneficiary from appealing, so as to justify an action at law without exhausting this remedy.

3. INSURANCE—BENEFIT INSURANCE—APPEAL—DELAY.

Under a provision of the laws of a benefit insurance society authorizing an appeal by any person aggrieved by the action of the council, where the only action complained of was its failure to act, and no notice of any action was given, the beneficiary might, after bringing an action at law, discontinue and take an appeal, notwithstanding the lapse of time.

(*January, 1912.*)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Harry Emmons* for plaintiff.

*Frank L. Speakman* for defendant.

SUMMONS CASE (No. 128, September Term, 1909).

Demurrer to plaintiff's replication to certain of defendant's pleas, for causes which appear in the opinion of the court.

(See same case 2 *Boyce* 255.)

PENNEWILL, C. J., delivering the opinion of the court:

In the above stated case the defendant filed a demurrer to the plaintiff's replications to the defendant's fifth and seventh pleas, stating and showing the following causes of demurrer to each of said replications:

"For that the said plaintiff hath in and by each of said replications put in issue a matter of inference from the fact before alleged; for that the said plaintiff hath in and by each of said replications offered to put in issue a matter not properly issuable; for that the said plaintiff hath not in and by either of said replications denied, confessed or avoided the substantial matter in the said pleas above alleged, and that each of said replications is in various other respects informal," etc.

The replication to the fifth plea alleged "that the said defendant never took any action under the general laws and by-laws of the Great Council of Delaware, of the Improved Order of Red Men, and of the said defendant council, upon the benefits claimed to be due by the said plaintiff as set forth in his declaration in this action; that the said plaintiff, whether aggrieved or not, was prevented from taking his appeal by the failure of the said defendant to take any action or to give the said plaintiff any notice thereof concerning the benefits claimed by him as aforesaid," etc.

The replication to the seventh plea was substantially the same as the one to the fifth plea which we have given.

It appears from the pleadings in the case, that by the general laws and by-laws of the defendant council it was and is provided that, should any person feel aggrieved at the action of the council for failing to pay benefits that may be claimed to be due, such person may appeal from said action by giving the council written notice, within sixty days after said action, whereupon the council shall, without delay appoint a suitable member of the order as commissioner to take such testimony as either party may offer in relation to the same, etc.

The real question raised by the demurrer is whether the plaintiff was prevented from taking an appeal under the laws of the council, because of the action, or rather the non-action, of the council respecting his claim for benefits.

It is contended by the plaintiff that he could not appeal because there was no action taken by the council upon which an appeal could be based; that it was impossible for him to determine when to take an appeal, for the reason that it could not be taken until sixty days after the action of the council refusing to pay the benefits, and no such action was ever taken, so far as he was informed.

It is contended by the defendant that the *failure* of the council to pay the benefits constituted the action upon which an appeal could be taken, it being averred in the amended plea that "it [the council] failed to pay the benefits that were claimed to be due by the said plaintiff, at which action of the said defendant in failing to pay said benefits so claimed to be due, the said plaintiff felt aggrieved, yet said plaintiff, feeling aggrieved, did not appeal from said action by giving the defendant written notice within sixty days after said action as is provided in said general laws and by-laws."

[1]  In the case of *Del. Lodge, No.* 1, *v. Allmon,* 1 *Penn.* 160, 39 *Atl.* 1098, this court said: "Where the constitution or by-laws of the society provide that the right of a member to benefits shall be ascertained in a particular mode, that mode must be pursued before he can enforce his supposed right in the courts, unless by the action of the society he is prevented from taking such course.

"This rule is founded on the authority of well considered cases and upon reason. If a member was permitted to refuse or neglect to establish his right to benefits by the methods provided by the rules of the society, the operations of such societies would be thrown into confusion, their usefulness impaired, and the courts would be burdened by a multitude of suits about contentions that should have been settled elsewhere."

The rule thus expressed in the *Del. Lodge case* was expressly approved and followed in passing upon a demurrer argued at an earlier stage of the present case.  (See 2 *Boyce* 255, 78 *Atl.* 845.)

Such therefore is the law of this state, and we hold that the plaintiff was bound to exhaust his remedy under the constitution and by-laws, within the council; and if he failed so to do, he cannot recover in this action unless he was prevented from pursuing such remedies by the defendant council itself.

[2] Was the plaintiff prevented by the council from pursuing the remedies provided by the laws of the council?

He claims that he was prevented because no action was taken, so far as he was advised, upon his claim for benefits, and he could not take an appeal until some action was taken.

The language of the by-law is: "Should any person feel aggrieved at the action of the council for failing to pay benefits that may be claimed to be due, such person may appeal from said action," etc.

It appears, therefore, that the failure to pay is the action that may be appealed from.

There was a failure to pay the plaintiff's claim, whether any formal action was taken or not, and we think it reasonable to hold that the plaintiff could and should have taken his appeal to the council, and attempted to comply with the requirements of the council before instituting his action here. If, having taken his appeal, the council had refused to entertain or consider it, the contention might very well be made, that the claimant was prevented from pursuing the remedies provided by the council, and was entitled to maintain his action in this court.

[3] And we may suggest that the plaintiff, having received no notice of any action taken by the council upon his claim, might discontinue his suit here and take his appeal notwithstanding the lapse of time. Such laws must be reasonable and practicable, and courts will give them a reasonable construction. But beneficiaries, and their representatives, are required to make all reasonable efforts to comply with such laws, and not until they have done so will they be heard to say they were prevented by the council or society from so doing.

For the reasons given, we are of the opinion that the plaintiff's replications to the defendant's fifth and seventh pleas are not sufficient, and the demurrer is, therefore, sustained.