Oklahoma Tribe No. 26, Improved Order Red Men, d. b. a., *vs.* Eugenia Musgrove, p. b. r.

1. Insurance—Fraternal Insurance—Recovery of Benefits.

In an action to recover a benefit payable by a fraternal order, the claimant must show that she was entitled under the laws of the order.

2. Insurance—Fraternal Insurance—Funeral Benefits.

There is a presumption that a woman who had married a member of a fraternal order and had cohabited with him was living with him at the time of his death, within the by-laws of the order providing for payment of funeral benefits to her in case she was so living with him.

3. Insurance—Fraternal Insurance—Jury Question.

Where the wife of a member of a fraternal order who was entitled to funeral benefits, provided she was living with him at the time of his death, was temporarily absent at the time of death, the question whether she was living with the member within the by-laws is for the jury.

4. Insurance—Fraternal Insurance—By-Laws.

The wife of a member of a fraternal order who claimed funeral benefits payable under the by-laws of the order is bound by such by-laws, and must show a compliance therewith, and that she properly presented her claim in order to recover, being required to exhaust her remedies within the order before appealing to the courts.

(*April* 11, 1916.)

Judges Rice and Heisel sitting.

*Andrew J. Lynch* and *John M. Richardson* for appellant.

*Frank M. Jones* for respondent.

Superior Court, Sussex County, April Term, 1916.

Appeal by defendant from a judgment of a Justice of the Peace, No. 19, June Term, 1914.

Action by Eugenia Musgrove against the Oklahoma Tribe No. 26, Improved Order of Red Men, begun in justice court, and appealed to the Superior Court.

Action by Eugenia Musgrove, widow of George T. Musgrove, deceased, against Oklahoma Tribe No. 26, Improved Order of Red Men, of Lewes, Delaware, to recover balance of funeral benefits after paying funeral expenses, alleged to be due her from the tribe.

At the trial it was admitted that the deceased was a member of said tribe in good standing at the time of his death. Plaintiff based her claim upon the following by-law of the defendant tribe:

"For a deceased member who was, while living entitled to benefits, a sum not less than twenty fathoms shall be appropriated from the wampum of the Tribe to defray his funeral expenses, which shall be paid over to some person authorized to receive the same. But no amount of wampum fixed by the by-laws of a Tribe under the Great Council of Delaware as funeral benefits shall be paid to an executor or administrator, or become assets of the estate of a deceased brother, or be used in payment of his debts or cost of administration. But shall be paid in the following order, to wit:

"(1) To funeral expenses where estate is insufficient.

"(2) To the widow, providing they are living together at the time of his death.

"(3) To the guardian for the minor children.

"(4) To dependent blood relatives.

"(5) To a person on whom the brother was dependent."

"Article XXVII.—Appeals from the Decision of the Tribe in Refusing to Pay Benefits.

"Section 1. Should any person feel aggrieved at the action of a Tribe in failing to pay benefits that may be claimed to be due, such person may appeal from said action by giving the tribe written notice within sixty suns after said action, whereupon the Sachem shall, without delay, appoint a suitable member of the Order as Commissioner to take such testimony as either party may offer in relation to the same.

"Sec. 2. The Commissioner shall, within twenty suns proceed to take testimony, giving each party ten suns' notice of the time and place of meeting for that purpose. The Sachem shall represent the Tribe, and may be represented by counsel. The aggrieved party may appear in person, and by counsel. All testimony must be taken down by the Commissioner and signed by the witness after being fully read to him, and should objections be made to the examination of any witness, or to any question, or to any testimony offered, he shall note the same; he shall give ample time and opportunity to both parties to present their witnesses and for them to testify. All testimony shall be written in ink or typewritten.

"Sec. 3. After taking all testimony the parties may offer, the Commissioner shall immediately transmit it to the Tribe, whereupon the Chief of Records shall notify the aggrieved party in writing under seal that the subject will be considered at the next council of the Tribe at which time the Tribe shall consider it, when the evidence in the case shall be read and the case finally determined.

"Sec. 4. After final action has been had by the Tribe, the Chief of Records shall immediately notify the aggrieved party in writing, under seal, of the action of the Tribe. If the Tribe still refuses to pay the benefits claimed, then the aggrieved party may appeal to the Board of Appeals at any time within thirty suns from the date of the notice, by filing an appeal as provided by law, otherwise the action of the Tribe at the expiration of the time will be final and conclusive.

"Sec. 5. Should the Tribe neglect or refuse to appoint a Commissioner within two seven suns after receiving notice of an appeal, or should neglect to send the appeal and papers to the Great Chief of Records of the Great Council of Delaware within one moon after filing of the appeal, it shall be sufficient cause for the Board of Appeals to reverse the action of the Tribe, and direct it to pay the benefits; provided, that the Tribe shall have the right to appeal to the Great Board of Appeals from the action of the Board of

Appeals, the Tribe at the same time placing in the hands of the Great Keeper of Wampum of the Great Council of Delaware the amount of wampum claimed, the same to be held by him until the case is finally settled."

The following notice was admitted in evidence, which plaintiff testified was "sent to" the defendant tribe, there being no evidence how it was sent:

"Philadelphia, Pa., December 29, 1913.
"Oklahoma Tribe No. 26, I. O. R. M., Lewes, Delaware—Dear Sirs: I beg to acknowledge receipt of communication bearing date December 24, 1913, purporting to have been written by order of the Tribe, and signed by P. A. Lank, in which I am notified that 'by legal advice from a lawyer that the balance of Bro. G. T. Musgrove's benefits belongs to the daughter in Camden.' If I am to understand that this is a notice to me of the action taken by your Tribe upon the claim made by me for benefits due to me under your by-laws by reason of the death of the said George T. Musgrove, and which I have claimed as his widow, I hereby notify your Tribe that I appeal from its action and request you to notify me of the hearing of my appeal as provided in your by-laws.                    Yours truly,
                                        "Eugenia Musgrove."

The tribe defended upon two grounds: First, that it never received the notice alleged to have been sent by the plaintiff, and second, that plaintiff was not entitled to benefits under the by-laws of the order, as she was at the time of his death, and had been for seven weeks, separated from her husband.

RICE, J., charging the jury.

Eugenia Musgrove, the plaintiff in this action, seeks to recover from Oklahoma Tribe No. 26, Improved Order of Red Men of Lewes, Delaware, the defendant, for benefits due her from the order upon the death of her husband, George T. Musgrove.

The defendant admits that George T. Musgrove, the late husband of the plaintiff, was at the time of his death on October 9, 1913, a member of the order in good standing, and that there is now due to some one the sum of fifty-one dollars and forty-two cents, after the payment of the necessary funeral expenses.

The plaintiff claims she notified the defendant of her claim for benefits under the constitution and by-laws of the tribe and upon receipt of notice that her claim had not been allowed she gave notice of appeal as required by the laws of the tribe, which notice of appeal was by it ignored, and no action taken thereon.

13

The defendant claims that it did not receive notice of any appeal, and by reason of the plaintiff's failure in this respect she has failed to pursue the remedy provided by the constitution and by-laws of the lodge and therefore she is not entitled to recover in this action in law.

The defendant further claims that the plaintiff was not entitled to the benefit fund as the widow of George Musgrove, because she and her husband were not living together at the time of his death. This is denied by the plaintiff, and she contends that seven weeks prior to his death, he, while in a state of ill health, left their home to go to his old home, Lewes, in an effort to regain his health.

[1] For the plaintiff to recover in this action it is incumbent upon her to prove to your satisfaction that under the laws of the defendant order, she is the beneficiary entitled to the fund payable by the lodge upon the death of her husband, and that she has pursued her remedy within the lodge in the manner provided by the laws of the organization, or was prevented from doing so by the action of the lodge.

[2] Under the laws of the defendant order it is provided that the funeral benefits shall be paid to the widow of the deceased member, providing they were living together at the time of his death.

A man and woman who have been joined together as man and wife by a marriage ceremony, and have consummated the marriage by cohabiting as man and wife, are naturally presumed to. continue living together as such until the contrary appears.

[3, 4] Whether in this case the plaintiff and her husband were living together at the time of his death is a question of fact for your determination from the evidence. The fact that the wife was not at her husband's bedside at the time of his death, or that she had not seen or been with him for some time prior thereto, would not necessarily mean that they were living apart within the contemplation and meaning of the by-law of the society.

"The constitution and by-laws of the lodge constitute the contract between the parties and govern the case. By them each party is bound. The plaintiff can recover only by showing compliance with the provisions

Charge—Verdict.

thereof. When the constitution or by-laws of the society provide that the right of a member to benefits shall be ascertained in a particular mode, that mode must be pursued before he can enforce his supposed right in the courts; unless by the action of the society he is prevented from taking such a course." *Del. Lodge No.* 1 *v. Allmon,* 1 *Penn.* 160, 39 *Atl.* 1098.

The constitution and by-laws of the defendant lodge are binding upon the plaintiff in this case claiming as the beneficiary of her deceased husband, although she is not a member of the society.

In the case of *King v. Wynema Council, 2 Boyce, 255, 78 Atl.* 845, the court said:

"The suggestion that the constitution and laws of the defendant order may not be binding upon the plaintiff as the beneficiary of a deceased member is without merit, whatever right she may have arises from, and depends solely upon, the voluntary act of her father in becoming and remaining a member of the defendant order, and she is as much bound as he was."

It was the duty of the plaintiff to exhaust her remedy within the lodge under the constitution and by-laws of the lodge, and if she has failed to do this, she cannot recover in this action, unless she was prevented from pursuing such remedy by the action of the lodge.

If after considering all the evidence in the case, you believe that the plaintiff and her husband were living together at the time of his death, within contemplation of the laws of the order, and further believe that she pursued and exhausted her remedy under the provisions of the constitution and by-laws of the defendant tribe, provided she was not prevented from taking such course by the action of the tribe, your verdict should be in favor of the plaintiff, otherwise your verdict should be for the defendant.

If you find for the plaintiff, your verdict should be in her favor for fifty-one dollars and forty-two cents, the sum admitted by the order to be due to the beneficiary legally entitled to the benefit fund.

Verdict for plaintiff.