SOLOMON STRASSER, RESPONDENT, *v.* JOHN L. STAATS, AS NOBLE GRAND OR PRESIDENT OF MOUNT HERMON LODGE, No. 38, I. O. O. F. OF THE STATE OF NEW YORK, APPELLANT.

*Dues to lodge of Odd Fellows — words "accrue weekly" not equivalent to "payable weekly" — what failure to pay necessary to create a forfeiture of a "funeral benefit" — hearing before the tribunals of the society.*

In an action to recover a "funeral benefit," by an assignee of the next-of-kin of a deceased member of a lodge of Odd Fellows, it appeared that the constitution of the lodge provided that "the dues of members of a lodge accrue weekly, and its by-laws must express the amount at a given rate per week;" and that the by-laws provided that "no brother who is in arrears for dues, fines or assessments of any kind, over the amount of thirteen weeks, * * * shall be entitled to receive the benefits of this lodge until after the expiration of six weeks from the time of the payment of such arrearage."

The evidence showed that all dues of members were charged and collected quarterly; that the dues of the deceased were charged on the first day of April, July, October and January, in each year, and that the dues charged July 1, 1888, were paid and credited on the records of the lodge on July 13, 1888, and that the deceased died August 4, 1888.

*Held,* that the phrase "accrue weekly" was not equivalent to "payable weekly" or "due weekly," particularly in the case of members who for years had been paying such dues quarterly; that if the dues were payable quarterly they could not be deemed in arrears until after the end of the quarter, namely, July 1, 1888, and that in this case the dues had not been in arrear for thirteen weeks, at the time of their payment on the thirteenth day of July, and that the next of kin of the deceased were, by the by-laws of the lodge, entitled to the funeral benefit.

The constitution, by-laws, rules and regulations of the order required that all disputed questions arising in it must first be submitted to the lodge, and an appeal be taken from its determination to the district grand committee, and then to the grand lodge and to the sovereign grand lodge, and that the resort to the civil courts, until all these remedies were invoked and exhausted, should render any right or claim to any of the benefits provided for null and void.

*Held,* that these provisions were not applicable to the case where the claim was made by a person not a member of the order, who could have no hearing in person before it, or access to the tribunals provided by it for the adjustment of questions between its members; nor was the position of the assignee changed by the provision of the constitution that benefits "shall be dependent upon and recoverable only through the methods provided in the constitution, by-laws, rules and regulations of the order."

APPEAL by the defendant from a judgment of the County Court of Albany county, entered in the office of the clerk of Albany county on the 26th day of July, 1890, with notice of an intention to bring

up for review upon such appeal the order of the Albany County Court, affirming a judgment rendered against the defendant in the City Court of Albany, which order was entered in the Albany county clerk's office on the 26th day of July, 1890.

The judgment rendered in the City Court was in favor of the plaintiff for fifty dollars, damages and costs.

The plaintiff is the assignee of the next of kin of Moses Strasser, deceased, who in his lifetime was for many years a member of defendant's lodge, and on whose death the plaintiff, as the assignee of the next of kin of the deceased, claimed a funeral benefit.

The defendant is an unincorporated association of more than seven members. This association is a secret organization of Odd Fellows known as Mount Hermon Lodge. By the by-laws of this lodge, on the death of a member not disqualified, his next of kin are entitled to a funeral benefit of ($50) fifty dollars from the lodge. Moses Strasser, deceased, had been in his lifetime for many years a member of this lodge, and on his death the funeral benefit was by his next of kin assigned to the plaintiff, who is a son of the deceased. This lodge is subordinate to the grand lodge of the State, from which it derives its constitution, and, subject to the provisions of the constitution, enacts its own by-laws; and among the powers which it may exercise, it may within certain prescribed limits fix the amount of the weekly dues of its members.

In the exercise of this power this lodge fixed the dues of its members at thirteen cents per week by one of the provisions of its by-laws. The constitution provides that: "The dues of members of a lodge accrue weekly, and its by-laws must express the amount at a given rate per week." The by-laws also provide that: "No brother who is in arrears for dues, fines or assessments of any kind over the amount of thirteen weeks * * * shall be entitled to receive the benefits of this lodge until after the expiration of six weeks from the time of the payment of such arrearage."

The evidence shows that all dues of members were charged and collected quarterly. The book of the lodge shows that the dues of deceased were charged on the first of April, July, October and January in each year, and the dues charged July 1, 1888, were paid and credited on the records of the lodge July 13, 1888. The deceased died August 4, 1888.

*J. W. Ecker*, for the appellant.

*Rosendale & Hessberg*, for the respondent.

MAYHAM, J. :

This controversy must turn upon the construction to be put upon the provisions of the constitition of the lodge, which provides that " the dues of members of a lodge accrue weekly," when read in connection with that provision of the by-laws, which prescribes the ground of forfeiture of benefits, and which is as follows : " No brother who is in arrears for dues, fines or assessments of any kind over the amount of thirteen weeks, * * * shall be entitled to receive the benefits of this lodge, until after the expiration of six weeks from the time of the payment of such arrearages."

It is quite apparent from the uniform action of the lodge, in not exacting weekly payments of dues from its members, that it did not interpret the phrase " accrue weekly " as equivalent to " payable weekly," or " due weekly." Bouvier defines accrue as to grow to, to be added to, as the interest accrues on the principal. Applying this definition to the phrase " dues accrue weekly," and it would not signify that they are payable weekly, but rather that they are estimated or measured weekly, to grow or to be added to each other as interest is added to or increases the amount of a debt.

This, at least, should be its signification when applied to members who for years have been paying quarterly at the rate of thirteen cents per week, rather than the other construction which might result in a penalty or forfeiture, which is not favored in law. If, therefore, these dues were payable quarterly, then no dues could be deemed as in arrears until the end of the quarter. The quarter ended on the 1st of July, 1888, and from that time, and that time only, would dues be deemed to be in arrears, but the " dues accruing weekly " thereafter would not be in arrears, because they would not fall due until the first of the succeeding October, when they, under the definition of Bouvier and the usage of the order, would fall due. What dues, then, were in arrears on and after the 1st of July, 1888 ? Clearly only those which fell due on that day, and they were paid and credited on the 13th of July, 1888, nearly a month before the death of Moses Strasser. No dues, therefore, at the time

of the payment had been in arrears for thirteen weeks at the time of the payment on the thirteenth of July, and consequently no forfeiture could attach, and the next of kin of Moses Strasser were, under the by-laws of this Lodge, entitled to the funeral benefits unless he deprived himself of that right by bringing his action in the civil courts before exhausting all his remedies under the constitution and by-laws of the order.

But it is insisted that the constitution, by-laws, rules and regulations of the order require that all disputed questions arising in it must first be submitted to the lodge, and an appeal taken from its determination to the district grand committee, and then to the grand lodge, and unless permission be refused by that body to the sovereign grand lodge; and that a resort to the civil court until all these remedies are invoked and exhausted shall render any right or claim to any of the benefits provided for in sections 4, 5 and 6, null and void.

It is quite true that controversies between members of a lodge and the lodge itself can and should be settled, or attempts should be made for their adjustment within the order, where provisions are made for such settlement by the rules, constitution or by-laws of the order. (*Lafond* v. *Deems et al.*, 81 N. Y., 514; *Poultney* v. *Bachman*, 31 Hun, 49.)

The contract or compact under and in virtue of which members can make claims against the order for benefits must be the constitution and by-laws to which these members are deemed to have assented; and as long as they are so fairly and impartially executed that a court of equity would not be authorized to intervene to correct abuses; the parties must and ought to be governed by the letter of the contract. This would clearly be so where a member of the order was seeking a benefit conferred by the constitution or by-laws of the lodge. (*Poultney* v. *Bachman*, 31 Hun, 54.) Does the same rule apply when the claim is made by a person not a member of the order, who can have no hearing in person before its body, or access to the tribunals provided by it for adjustment of questions between its members.

The case shows that neither the plaintiff nor any of the next of kin of Moses Strasser now are or ever have been members of this order. The remedies which the lodge, and its superior tribunals,

have provided are by the constitution and by-laws only open to members of the society. The plaintiff is not such a member, and does not derive title from a member, and cannot appear in the tribunals of the society and prosecute his claim, except by favor. His right to the funeral benefit is a contract right; and since he has no right to resort to the tribunals of the secret organization, he has not, in a legal sense, failed to exhaust his remedies. The contract provides that the funeral benefit " shall be paid over without delay to the deceased brother's nearest of kin." When this contract matures, it exists between the lodge and non-members.

It would not be a reasonable construction of a contract between the lodge and a non-member to hold that the non-member's rights under it are subject to the adjudication of his adversary. Its rules are binding upon its members, for they have so agreed; but when a member makes a contract with the lodge for the benefit of third parties the contract must be enforceable according to its terms, and not according to the subsequent adjudication of the lodge as to the meaning of its terms.

The provisions of the constitution that benefits " shall be dependent upon, and recoverable only through the methods provided in the constitution, by-laws, rules and regulations of the order," must mean that benefits to members shall be so recoverable, not benefits to which strangers by virtue of a contract made in their behalf with the lodge are entitled. His payment was due without delay.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.