HARR v. HARLEM INDEPENDENT SICK & BENEVOLENT ASS'N.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. BENEFICIAL ASSOCIATIONS—DUES—TIME FOR PAYMENT.
   Where the by-laws of a benevolent association provide that "this society shall derive its income from * * * quarterly dues," without stating when the dues are to be paid, they may be deemed payable at the end of the quarter.

2. SAME.
   The by-laws of a benevolent association provided for payment of quarterly dues, without stating when the same were payable. The by-laws also provided that "the last meetings in the months of March, June, September, and December shall be general meetings," and it was shown that at the general quarterly meetings dues were payable. The by-laws further provided that members who failed to pay their dues within three months should be excluded from voting and from receiving any sick benefit. *Held*, that the three-months period did not begin to run until the end of the quarter.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham U. Harr against the Harlem Independent Sick & Benevolent Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

William Paul Buchler, for appellant.
Leopold Moschowitz, for respondent.

MacLEAN, J. The plaintiff recovered for "sick benefit" for nine weeks, at $7 per week, from July 17, 1907. It is contended that he was disentitled thereto through failure to pay dues for the second quarter. In the by-laws (page 7) it is stated: "This society shall derive its income from * * * quarterly dues of $1.75"—without stating when the dues are to be paid, and so they may be deemed payable at the end of the quarter. Strasser v. Staats, 59 Hun, 143, 13 N. Y. Supp. 167. The by-laws (page 4) also provide:

"The last meetings in the months of March, June, September, and December shall be general meetings."

The financial secretary of the society testified that the general quarterly meetings are held in March, June, September, and December, and that dues are payable at each one of these meetings, thus strengthening the above conclusion. The provision in the by-laws cutting off the sick benefit (page 33) is:

"Members who fail to pay their dues within three months shall be excluded from voting, nor will they receive any sick benefit."

The word "arrears" is not used; but it naturally follows from the language that a member is not entitled to sick benefit if he be in arrears for a period of three months, and that period would not begin to run until the dues were payable; i. e., payable, as above, at the end, not at the beginning, of the quarter. The right of the plaintiff then accruing might not be defeated by failure to pay dues later, though he might be indebted to the society therefor. The society, moreover, was indebted to him for moneys expended on its behalf. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.